KLEES, Judge.
On September 16, 1982, the appellant was charged by bill of information with aggravated battery in violation of La.R.S. 14:34. He was arraigned on September 22, 1982, and pled not guilty. On August 3, 1983, a six-member jury found him guilty as charged and on August 5th, all delays were waived and appellant was sentenced to serve six years at hard labor. The Motion for Appeal was filed on August 10, 1983.
FACTS
On September 7, 1982, Richard Pennington was stabbed by a man he identified as Tommy Green, Jr., the defendant. Pennington was the City Manager of ABCO, Inc., a parking lot company which handled different parking lots in New Orleans, including the Heal Garage located at the corner of LaSalle and Gravier Streets and servicing Charity Hospital and Tulane Medical Center. Green had been known to loiter around this garage in the past, but, because Pennington ordered him to stay away, he had not been seen around the garage for three or four months prior to the slashing.
At approximately 6:30 p.m. on September 7th, Pennington was at the garage checking with the cashiers. He noticed that Green was once again loitering around the garage. Pennington testified that Green always travelled with seven or eight bags of trash, and on that evening Green had put these bags on the garage property. Pennington began throwing the bags back out onto the sidewalk. Green became angry and told Pennington he (Green) would hurt him if he (Pennington) did not stop bothering him (Green). An argument ensued. Green pulled a knife out of his shirt pocket, opened it, and came towards Pennington. Pennington tried to jump back, and Green slashed Pennington across the abdomen. Pennington then hit Green, and Green dropped the knife. Pennington picked up the knife and walked away to call the police. Green ran off to the back of the building.
*690 Charity Hospital is located across the street from the garage, and within minutes hospital personnel were at the scene. Officers Clavo and Kleinberger of N.O.P.D. soon arrived, and Pennington testified that he gave them the knife, told them what happened, and pointed out his assailant to them. Pennington testified that the officers approached Green, spoke to him, and began searching his bags. Pennington was taken to Charity Hospital.
A short time later, Officer Kleinberger interviewed Pennington at the hospital. Pennington expressed his willingness to press charges. Pennington testified that Kleinberger told him that the officers had found four or five other knives in Green’s bags. Pennington remained in the hospital about two hours, and his wound required about twenty-six stitches.
Officer Clavo’s testimony differed a bit from Pennington’s as to who took Pennington to the hospital and as to where the knife was found. However, Clavo testified that Pennington positively identified Green as the assailant and the knife as the weapon Green used to slash him.
The defense presented no witnesses.
1. Errors Patent
A review of the record reveals there are no errors patent.
2. Sufficiency of Evidence
Although not specifically assigned as error, the sufficiency of evidence to support the appellant’s conviction must be reviewed as per State v. Raymo, 419 So.2d 858 (La.1982). In assessing the sufficiency of evidence to support a conviction in a direct evidence case, the reviewing court must determine whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306, 310 (La.1982).
Aggravated battery is defined as “a battery committed with a dangerous weapon.” R.S. 14:34. Battery, as defined by R.S. 14:33, includes “the intentional use of force or violence upon the person of another.” Here, the victim was slashed with a knife which was retrieved from the scene and identified in court. The victim also positively identified Green as his assailant. Viewing the evidence in the light most favorable to the prosecution, the jury could have found the appellant guilty beyond a reasonable doubt. State v. Trahan, 416 So.2d 65 (La.1982); State v. Brown, 395 So.2d 1301 (La.1981).
Accordingly, appellant’s conviction and sentence are hereby affirmed.
AFFIRMED.